925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Leroy NANCE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vondia CLARY, Defendant-Appellant.
 Nos. 89-5683, 89-5686
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Feb. 22, 1991.
As Amended March 5, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia at Huntington. Robert J. Staker, District Judge. (CR-88-222)
 John Edward Holleran, Hunton & Williams, Richmond, Va. (Argued), for appellants; Matthew J. Calvert, Hunton & Williams, Richmond, Va. for appellant Nance; Elizabeth Dashiell Scher, Morchower, Luxton & Whaley, Richmond, Va., for Appellant Clary, on brief.
 Sanford Benjamin Bryant, Assistant United States Attorney, Huntington, W.Va. (Argued), for appellee; Michael W. Carey, United States Attorney, Huntington, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 On September 13, 1988, appellants Robert Nance (Nance) and Vondia Clary (Clary) were arrested pursuant to an indictment charging them with violating, and conspiring to violate, the drug laws of the United States. The indictment charged both Nance and Clary with conspiracy to possess with intent to distribute, and to distribute, cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846 (Count One); distribution of cocaine on August 2, 1988 in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count 2); and possession of cocaine with intent to distribute on September 13, 1988 in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count Four). In addition, the indictment charged Nance with distribution of cocaine on August 31, 1988 in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count Three). On August 4, 1989, after a trial by jury, Nance and Clary were convicted on all counts. They now appeal their convictions.
 
 
 2
 Nance contends that he received ineffective assistance of counsel in contravention of his rights under the Sixth Amendment. Specifically, he alleges that his counsel was deficient in not having moved for a continuance despite inadequate time to prepare for trial, and by failing to object to evidence introduced at trial.
 
 
 3
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a convicted defendant claiming ineffective assistance of counsel must establish two things. First, that the attorney's performance was deficient, and second, that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The Court also recognized that judicial scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689.
 
 
 4
 Based upon our review of the record, we are of opinion that Nance's alleged failings of counsel are without merit. Nance's first contention, that his counsel had inadequate time to prepare for trial, is apparently based on the allegation that counsel failed to locate and call additional alibi witnesses as to Nance's whereabouts on August 31, 1989. This alleged failure was presumably due to counsel having inadequate time to prepare. However, the record does not reflect, nor does Nance show, what additional witnesses could have been called, nor what their testimony would have been. In fact, the record reflects that his defense counsel called two witnesses who testified as to Nance's alibi, and if believed, would have put Nance at a place other than that Hillside Drive residence on the crucial day. Nance's unsupported assertion with respect to witnesses simply cannot make a claim for ineffective assistance of counsel.
 
 
 5
 Second, Nance asserts that his counsel was ineffective in failing to object to prejudicial similar acts evidence testimony regarding Nance having discussed cocaine, and his involvement in other cocaine transactions. However, the record reflects, and the district court found, that this was not inadmissible similar acts evidence. In fact, it was direct evidence of Nance's involvement with others in a conspiracy to distribute cocaine as charged in the indictment. Thus, this failure to object does not constitute ineffective assistance.
 
 
 6
 Lastly, Nance claims ineffective assistance of counsel in counsel's failing to object to evidence that the activity charged in the indictment as occurring on August 2, 1988 did actually occur on August 22, 1988. Under the Federal Rules of Criminal Procedure, a "variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a). "Substantial rights" are not affected by a variance when the defendant is sufficiently informed of the charges against him so that he can prepare a defense and not be surprised, and when the charge is sufficiently specific to protect him from subsequent prosecution for the same offense. Berger v. United States, 295 U.S. 78, 82 (1935); United States v. De Brouse, 652 F.2d 383, 389 (4th Cir.1981). A defendant must demonstrate substantial prejudice on the record as a whole. Berger, 295 U.S. at 82.
 
 
 7
 The record reflects that the defense was fully aware that the actual date of the activity alleged in Count Two was August 22, 1988 and from her opening statement, through the trial and closing argument, the defense attorney defended Nance as to that date. Thus, Nance was able to prepare a defense and was not surprised by the variance. Accordingly, counsel's failure to object was not ineffective assistance of counsel.
 
 
 8
 Both Nance and Clary claim that the evidence adduced at trial was insufficient as a matter of law to convict them. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 9
 Count One charged Nance and Clary with having conspired to possess with intent to distribute, and to distribute, cocaine. A conspiracy may be shown by circumstantial evidence. See United States v. Watkins, 662 F.2d 1090, 1097 (4th Cir.1981), cert. denied, 455 U.S. 989 (1982). The record reflects that Beverly Evans, a government informant, testified that she received cocaine from Nance, Clary, and a co-conspirator on several occasions. Evans also testified that she was present when Nance and Clary discussed cocaine and when they attempted to collect money owed to them for the sale of cocaine. In addition, there was evidence of recorded telephone conversations involving Nance and Clary negotiating the sale and delivery of cocaine. Finally, Tony Phillips, another government witness, testified that co-conspirator Miller informed him that Nance was the source for Miller's cocaine. Thus, there was substantial evidence that Nance and Clary were involved in a conspiracy to possess and distribute cocaine.
 
 
 10
 Count Three charged Nance with distribution of cocaine on August 31, 1988. There was evidence in the record from which the jury could infer that Nance aided in the distribution of cocaine to informant Phillips on that date. Phillips testified that he arranged to purchase one-half ounce of cocaine from Miller on August 31. He testified that he met Miller and drove to Nance's house and then waited while Miller went inside and then returned with the cocaine. Police officers recorded the conversation between Phillips and Miller and the tape reflects that Miller stated "I've got to go in and tell him who you are or tell him you're all right." Phillips testified that Miller told him that he was referring to Nance. The tape further reflects that upon returning to the car, Miller stated "He's got all kind of dope in there." Finally, Phillips testified that Nance was the source of Miller's cocaine on other occasions. Based upon this evidence, the jury's conclusion that Nance was implicated in the distribution of cocaine on August 31 was supported by the evidence.
 
 
 11
 Count Four charged Nance and Clary with possession of cocaine with intent to distribute on September 13, 1988. The record reflects that Nance and Clary were arrested on that date when police officers executed a search warrant at their Hillside Drive residence. This search uncovered a large quantity of cocaine, materials used in the distribution of cocaine, and a substantial amount of cash. This evidence was sufficient to sustain their convictions under Count Four.
 
 
 12
 Clary also contends that the trial court abused its discretion in denying her motion for a continuance of the trial due to illness. Clary first moved for a continuance on the first day of trial based on alleged pre-trial publicity resulting from another trial in which she was a defendant. The trial court denied the motion. When trial resumed the next morning Clary's counsel moved for a continuance asserting that she was too ill to assist in her defense. The court recessed the trial and Clary was taken to see a doctor. After examining her, the doctor concluded that Clary would be able to continue normal trial procedures in the afternoon. When proceedings resumed, Clary's counsel continued to assert that Clary was too ill to participate in the trial. The trial judge, based upon his observation and questioning of Clary, and the doctor's opinion, denied the motion. This denial was not an abuse of discretion.
 
 
 13
 Lastly, Clary contends that the search of the Hillside Drive residence was improper. She asserts that it was executed after ten o'clock in the evening and therefore in violation of the Federal Rules of Criminal Procedure. Rule 41(c)(1) requires that warrants be served in the daytime unless the issuing authority specifies otherwise. Rule 41(h) defines daytime as between six o'clock a.m. and ten o'clock p.m. Police officer Michael Coffey testified that the search commenced at 9:56 p.m. as reflected in the search warrant return. The record also shows that the officers radioed the dispatcher at 10:01 p.m. to advise that the premises had been secured and Nance and Clary arrested. Based upon this record the district court found that the search warrant was served at 9:56 p.m. That finding is not clearly erroneous.
 
 
 14
 Accordingly, the convictions of Nance and Clary are
 
 
 15
 AFFIRMED.